AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

**NORTHERN**     DISTRICT OF     **CALIFORNIA**

2007 SEP 13 P 12: 41

UNITED STATES OF AMERICA     RICHARD W. WIEKING
CLERK
V.     U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

**CRIMINAL COMPLAINT**

THERESA BACA

CASE NUMBER: 07 - 70539 - PVT

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __April 8, 1999__ in __Santa Clara__ county, in the __Northern__ District of __California__ defendant(s) did, (Track Statutory Language of Offense)

knowingly execute a scheme to obtain the moneys owned by or under the custody or control of a financial institution by means of false or fraudulent pretenses, representations or promises; to wit: the defendant deposited a stolen check into a Bank of America account, and later forged the account holder's signature in order to withdraw funds,

in violation of Title __18__ United States Code, Section(s) __1344__.

I further state that I am a(n) __Specia Agent__ and that this complaint is based on the following
(Official Title)

facts:

Please see attached affidavit.

Penalties: 10 years imprisonment, $1,000,000 fine, $100 special assessment, 3 years supervised release

Summons requested for October 4, 2007 at 9:30 a.m.

Summons PVT 9/27/07 9:30 am

Continued on the attached sheet and made a part hereof: ☒ Yes    ☐ No

Approved As To Form: _/s/_ AUSA: SUSAN KNIGHT

_/s/_ #1509
Name/Signature of Complainant

Sworn to before me and subscribed in my presence,

__9/13/07__ at __San Jose, California__
Date                                    City and State

The Honorable Patricia V. Trumbull
United States Magistrate Judge     _Patricia V. Trumbull_
Name & Title of Judicial Officer                 Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

AFFIDAVIT OF SPECIAL AGENT MATTHEW W. LAMPO
TREASURY INSPECTOR GENERAL FOR TAX ADMINISTRATION

I, Matthew W. Lampo, being duly sworn, state as follows:

**Introduction and Purpose**

1. I am a Special Agent with the Treasury Inspector General for Tax Administration (TIGTA), and that I have been a Federal Agent since 1988. During this time, I have investigated and assisted in numerous investigations involving the theft of government funds, including, check forgery, identity theft, bank fraud and the theft of Internal Revenue Service Income tax refund checks.

2. This affidavit is made in support of an ~~arrest warrant~~ *summons* and criminal complaint charging Theresa Baca ("Baca") with bank fraud, in violation of Title 18, United States Code, Section 1344. The statute of limitations for this offense is ten years. See 18 U.S.C. § 3293(1). This affidavit does not contain every fact, piece of information or evidence concerning the alleged violation.

**Facts Supporting Probable Cause**

3. In October of 2002, TIGTA initiated a Local Investigative Initiative to track suspected stolen United States Treasury Internal Revenue Service (IRS) tax refund checks. TIGTA learned that an individual named Steve Rubalcaba reported that his IRS tax refund check for the 1998 tax year was stolen.

4. On September 17, 2003, TIGTA Special Agent Bill Bournazos interviewed Rubalcaba, who acknowledged completing and submitting forms to the IRS stating that he never received his 1998 federal tax refund in the amount of $2,557.00. Rubalcaba stated that he received a copy of the negotiated check and noticed that it was mailed to his former address at 729 Forestdale Ave, San Jose, CA and contained the signature of Isabel Perez on the backside. He spoke to his sister, who also resided at the apartment complex, and she told him that Perez had moved into his apartment after he moved out. Rubalcaba filed a claim against the United States for the proceeds of the stolen check and subsequently received a replacement check from the IRS.

5. I reviewed a copy of U.S. Treasury Check Number 2301-67449421, and found that the check contained two signatures on the back bearing the names Steve Rubalcaba and Isabel Perez. The handwriting for both of the signatures appear to be made by the same person. In addition, the back of the checks lists an identification number N2734556; states "Pay to the order of acct #2355607861;" and contains other miscellaneous numbers belonging to Bank of America. I

1

contacted the California Department of Motor Vehicles regarding the identification number N2734556 and learned that the number was not valid.

6. I also reviewed Bank of America records related to account number 23556-07861, and learned that the account belonged to an individual named Isabel Perez. In addition, the records indicate that U.S. Treasury check number 2301-67449421 was deposited into the above-mentioned account on April 8, 1999 at the Bank of America branch located on Capitol Expressway in San Jose, California. The following day, a personal check written to Isabel Perez was cashed against Perez' checking account for $1,957.00.

7. On June 22, 2004, Special Agent Bournazos and I interviewed Isabel Perez. She told us that she had never seen the U.S. Treasury check that was deposited into her account. She explained that she opened the Bank of America checking account for her mother, Theresa Baca, and did not use if for her personal banking.

8. On June 23, 2004, Special Agent Bournazos interviewed Theresa Baca. Baca admitted that she had her daughter open a Bank of America checking account, number 23556-07861, for her because she (Baca) had bad credit. She further stated that on or about April 8, 1999, she deposited U.S. Treasury Check number 2301-67449421 into Bank of America checking account. She claimed that her friend, Ramona Zavala Aberle, and an unidentified individual offered to give her $300.00 for cashing the check. Baca stated that she signed the name Isabel Perez, wrote the account number on the back of the check, and deposited the check into her (Perez') Bank of America account. Baca further stated that the following day she wrote and cashed a check to herself for $1,957.00 from her Bank of America account. She then gave the money, minus $300.00, to Aberle, who in turn gave it to an unidentified individual. Baca could not explain why $600.00 out of $2,557.00 was left in her account.

9. On October 4, 2004, Special Agent Bournazos interviewed Ramona Zavala Aberle. Aberle stated that Baca showed her the U.S. Treasury check and claimed that it belonged to her husband who at that time was incarcerated. Aberle further stated that Baca asked her to cash the check for her at a liquor store, and she declined to so. Aberle denied giving the check to Baca and receiving any money from Baca when the Baca cashed the check.

10. On September 20, 2006, Special Agent Bournazos and Brian Goold interviewed Hope Jennings, who was a resident at the apartment complex where Rubalcaba's IRS refund check was mailed. She told the agents that she did not know Baca, Perez, or Aberle. The agents then showed her several photo line-ups, and she identified Baca as an individual who spent a lot of time at the apartment complex.

//

//

2

## Conclusion

11. Based on the forgoing information, I believe that there is probable cause to believe that Theresa Baca committed bank fraud by depositing a stolen check into her daughter's bank account and forging her daughter's signature in order to withdrawal funds from the stolen check, in violation of Title 18, United States Code 1344.

MATTHEW W. LAMPO
Special Agent
Treasury Inspector General for
Tax Administration, Investigations

Sworn to before me and subscribed in my presence on September 13, 2007 at San Jose, California.

PATRICIA V. TRUMBULL
United States Magistrate Judge

3